**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO DE JESUS-FERNANDEZ GUERRA, AKA Alberto De Jesus Guerra-Hernandez and ELSA AVILA DE GUERRA,<br><br>Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-73130<br><br>Agency Nos.     A026-786-209<br>                         A026-786-208<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Alberto De Jesus-Fernandez Guerra and Elsa Avila De Guerra, both natives

and citizens of El Salvador, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen.  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen as untimely, where the motion was filed more than 25 years after their final order of removal, *see* 8 C.F.R. § 1003.23(b)(1), and petitioners failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder,* 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances); *see also Albillo-De Leon v. Gonzales,* 410 F.3d 1090, 1099-1100 (9th Cir. 2005) (due diligence showing required for a claim under the Nicaraguan Adjustment and Central American Relief Act ("NACARA") to be equitably tolled).

Because the timeliness determination is dispositive, the BIA was not required to address, and we do not reach here, petitioners' contentions regarding prior counsel's alleged ineffective assistance or eligibility for NACARA. *See Simeonov v. Ashcroft,* 371 F.3d 532, 538 (9th Cir. 2004).

14-73130

Contrary to petitioners' contentions, the BIA sufficiently considered their arguments and articulated its reasons for denying the motion. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010).

To the extent petitioners challenge the BIA's decision not to invoke its sua sponte authority to reopen, we lack jurisdiction over that contention. *See Mejia-Hernandez v. Holder,* 633 F.3d 818, 823-24 (9th Cir. 2011). In addition, petitioners' contention that the BIA stated it lacked the power to reopen sua sponte is not supported by the record.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**